Brett W. Johnson (#021527)
Colin P. Ahler (#023879)
W. Vinnie Lichvar (#028112)
Derek C. Flint (#034392)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
E-Mail: bwjohnson@swlaw.com
          cahler@swlaw.com
          vlichvar@swlaw.com
          dflint@swlaw.com

Anni L. Foster (#023643)
Office of Arizona Governor Douglas A. Ducey
1700 West Washington Street
Phoenix, Arizona 85007
Telephone:  602-542-4331
E-Mail:  afoster@az.gov

*Attorneys for Amicus Curiae Douglas A. Ducey,
Governor of the State of Arizona*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, Arizona Coalition for Change, Ulises Ventura,<br><br>Plaintiffs,<br><br>v.<br><br>Katie Hobbs, in her official capacity as Secretary of State for the State of Arizona,<br><br>Defendant. | No. 2:20-cv-01903-SPL<br><br>**Motion for Leave to File Amicus Brief in Support of Defendant** |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

Governor Douglas A. Ducey has a special interest in this litigation and can offer a unique perspective to the Court as it considers Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2). Specifically, Governor Ducey seeks to clarify Plaintiffs' misleading interpretation of the COVID-19-related executive orders. In addition, Governor Ducey has a unique perspective on the election administration process, given that he is one of the state officials responsible for approving Arizona's Elections Procedures Manual. *See* A.R.S. § 16-452. Governor Ducey respectfully requests that the Court grant leave to file an amicus brief, which is separately lodged, for consideration in this matter. Plaintiffs and Defendant Secretary Katie Hobbs have indicated that they do not oppose this Motion.[1]

## **ARGUMENT**

District courts have discretion whether to grant leave to file an amicus brief. *Jin Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *see also Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file amicus briefs in district court proceedings and that such amici "often make useful contributions to litigation"). Although there is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amici in district court, district courts exercising such jurisdiction often look to Federal Rule of Appellate Procedure 29 for guidance. *See, e.g.*, *Am. Humanist Ass'n v. Md-Nat'l Capital Park & Planning Comm'n*, 147 F. Supp. 3d 373, 389 (D. Md. 2015), *reversed on other grounds by Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 874 F.3d 195 (4th Cir. 2017). In addition, courts generally allow amicus at the district court level "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997); *see also Barnes-Wallace v. Boy Scouts of Am.*, 2004 WL 7334945, at *1 (S.D. Cal. 2004) (same).

---

[1] Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and as directed by the Court's Clerk, the Governor has concurrently filed a separate Notice of Lodging Amicus brief, with the Proposed Amicus Brief attached to that document as Exhibit A. The Governor has also filed the required proposed order.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

The Governor's unique perspective on this litigation satisfies the standard under *Ryan* and Federal Rule of Appellate Procedure 29.

## I.   <u>Interest of Governor Ducey</u>

Governor Ducey has broad statutory and constitutional authority to ensure that the laws of Arizona are faithfully executed, guide policy decisions, and provide for the health and welfare of Arizonans. *See e.g.*, Ariz. Const. art. V, § 4; A.R.S. §§ 26-303, 41-101(A)(1)-(7). The Governor is also empowered to defend actions brought against him or his policies. *See* A.R.S. § 41-192(D)(7). During a declared state of emergency, Governor Ducey is temporarily granted: (a) "all police power vested in the state by the constitution and laws of this state in order to effectuate the [emergency management and response] purposes of [Title 26, Chapter 2]; and (b) the authority to "direct all agencies of the state government to utilize and employ state personnel, equipment and facilities for the performance of any and all activities designed to prevent or alleviate actual and threatened damage due to the emergency." A.R.S. § 26-303(E).

"As all are painfully aware, our nation faces a public health emergency caused by the exponential spread of COVID-19." *In re Abbott*, 954 F.3d 772, 779 (5th Cir. 2020). In response and consistent with his mandate, under A.R.S. § 26-301(15), Governor Ducey declared a state of emergency in "conditions of disaster" or during times of "extreme peril to the safety of persons." To date, the Governor has issued more than 40 executive orders related to COVID-19, including orders related to safe and expanded voting. *See* State of Arizona Executive Order No. 2020-50 (July 22, 2020).

Governor Ducey has three important interests in this matter. <u>First</u>, Plaintiffs' claims attempt to directly challenge Governor Ducey's coordinated response to COVID-19 by making the inaccurate assertion that his response somehow prevented them from obtaining voter registrations for five months. (Doc. 1 ¶ 58). Governor Ducey has a distinct interest in defending against challenges to his policies, including any direct or indirect challenge to properly promulgated emergency orders issued in response to a public health crisis. In particular, where a party falsely claims that Governor Ducey's orders have infringed on

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

constitutionally protected activities (such as engaging with prospective voters relating to registration), Governor Ducey has a strong interest in being heard.

Second, Plaintiffs essentially ask this Court to issue a parallel emergency order in responding to the crisis, notwithstanding the Governor's statutory authority in this area. Governor Ducey has a distinct interest in defending his office's authority to effectively manage the declared emergency, including the scope and interpretation of his executive orders, against Plaintiffs' misinterpretations of the broad protections and preservation of all Arizonans' constitutional rights provided by his emergency orders.

Third, the Governor has an important interest in preventing chaos in the execution of state election laws on the eve of the General Election. *See* Ariz. Const. art. 5, § 4 (the Governor "shall take care that the laws be faithfully executed"). *See Yes on Prop 200 v. Napolitano*, 160 P.3d 1216, 1227-29 (App. 2007) (citing Ariz. Const. art. 5, § 4); *see also* A.R.S. § 16-452(B) (requiring the Governor to approve the Arizona Elections Procedures Manual "before its issuance"). Rather than adapting to the circumstances of COVID-19, as other groups did in collecting initiative signatures during the height of the pandemic, Plaintiffs are asking this Court to effectively assume the Governor's mandate to manage emergencies by issuing a judge-made emergency response policy. Worse yet, they are making this request at the eleventh hour in response to a set of facts that has been well-known for at least the last six months.

Now, the November 3, 2020 election ("General Election") is a mere 32 days away. Voting is already underway. Absentee ballots to military and overseas voters (UOCAVA voters) have already been mailed and some counties have actually received completed, voted ballots. Yet Plaintiffs inexplicably decided to bring their claims *less than one week* before the voter-registration deadline in A.R.S. § 16-120. Granting the Motion at this late stage would upend the expectations of all parties with an interest in the election's administration, including Governor Ducey, and threaten to introduce disarray. This is precisely why the Supreme Court has "repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l*

*Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1206 (2020). Governor Ducey has an interest in clarifying any misstatements about the executive orders and ensure that the integrity of the General Election is maintained.

**II.**   **The Matters Asserted in the Amicus Brief Are Useful and Relevant to the Disposition of this Case.**

Governor Ducey's unique perspective on his COVID-19-related executive orders will be useful to this Court, given that those orders are at the heart of Plaintiffs' claims in this litigation. His unique perspective on the election administration process will be similarly useful to the Court. Moreover, Governor Ducey's amicus brief will assist the Court in resolving this matter because it connects his perspective to the relevant legal standard, showing how the COVID-19-related executive orders did not actually burden Plaintiffs' rights, and how the election administration process would be severely impacted by their requested relief. Thus, Governor Ducey has satisfied the standard for filing an amicus brief in this Court

**CONCLUSION**

Governor Ducey brings unique perspectives to this litigation that will assist the Court in resolving the issues before it. Therefore, Governor Ducey respectfully requests that the Court grant leave to file the proposed amicus brief, which is separately and concurrently lodged with the Court, for consideration in this matter.

1    DATED this 2nd day of October, 2020.

2                                              SNELL & WILMER L.L.P.

3                                    By: s/ Brett W. Johnson

4                                        Brett W. Johnson
                                          Colin P. Ahler
5                                        W. Vinnie Lichvar
                                          Derek C. Flint
6                                        One Arizona Center
                                          400 E. Van Buren, Suite 1900
7                                        Phoenix, Arizona  85004-2202
                                          *Attorneys for Amicus Curiae Douglas
8                                        A. Ducey*

9                                    By: s/ Anni L. Foster

10                                       Anni L. Foster
                                          OFFICE OF ARIZONA GOVERNOR
11                                       DOUGLAS A. DUCEY
                                          1700 West Washington Street
12                                       Phoenix, Arizona 85007

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2020 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

s/ Tracy Hobbs